UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD BOBO,

    Petitioner,

v.

Warden W.I. LeBLANC, JR.,

    Respondent.

Civil No. 05-714 (DWF/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In January 1992, a federal court jury in this District found Petitioner guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Because of prior convictions, Petitioner received an enhanced sentence of 235 months in federal prison. His conviction and

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

sentence were affirmed on direct appeal. United States v. Bobo, 994 F.2d 524 (8th Cir.), cert. denied, (1993). Petitioner is presently serving his sentence at the Federal Medical Center in Rochester, Minnesota.

Petitioner's current § 2241 habeas corpus petition challenges the sentence he received in his federal criminal case. He claims that he was deprived of his constitutional right to have a jury (rather than a judge) make the factual determinations that caused the enhancement of his sentence. He also challenges the standard of proof for those factual determinations. In Petitioner's own words, he is claiming that his "Sixth Amendment guarantee to reasonable doubt as the standard of proof was violated when the district court penalized him on a preponderance standard of proof to a statute that had not been placed before the jury for its consideration." (Petition, [Docket No. 1], p. 4.)

For the reasons discussed below, the Court concludes that Petitioner cannot raise his present claims for relief in a § 2241 habeas corpus petition. It will therefore be recommended that this action be summarily dismissed for lack of jurisdiction.

**II.   DISCUSSION**

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).

In this case, it is readily apparent that Petitioner is challenging the validity of his federal court sentencing proceedings. Although his current claims for relief are not well-explained, he obviously believes that trial court committed an error at sentencing, and that his sentence should therefore be overturned. Thus, the present petition is clearly barred by § 2255's exclusive remedy rule.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is presently barred from seeking relief under § 2255 because of the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[¶ 6]. If the present petition were construed to be a § 2255 motion and transferred to the trial court, the motion would have to be immediately denied as untimely.

Furthermore, it clearly appears that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute, because he believes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his sentence. He apparently thinks that his current petition is exempt from § 2255's exclusive remedy rule, and that he can challenge his sentence in a § 2241 habeas corpus proceeding, because he is not presently eligible for relief under § 2255. That reasoning must be rejected.

The procedural rules that limit the availability of relief under § 2255, including the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the procedural restrictions on § 2255 motions – including the statute of limitations – to be so easily evaded. The Eighth Circuit Court of Appeals presumably had this in mind when it held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because Petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002); Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under §

2255, there must be more than a procedural barrier to bringing a § 2255 petition").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He has already had two reasonable opportunities to raise his current claims for relief. He could have raised them in a direct appeal, and he could have raised them in a timely motion for relief under § 2255. Petitioner cannot claim that § 2255 has become "inadequate or ineffective" simply because he failed to take advantage of those prior opportunities, and he is now no longer eligible for relief under § 2255. Because the "inadequate or ineffective remedy" exception is not available to Petitioner, his present § 2241 habeas corpus petition, which challenges his federal prison sentence, cannot be entertained here. See Bauer v. Ashcroft, Civil No. 02-4068 (JRT/FLN) (D.Minn. 2003) (Tunheim, J.), 2003 WL 541692 at *2.[2]

---

[2] Petitioner seems to believes that the Court must reach the merits of his current habeas corpus claims, despite any procedural restrictions that may appear to bar this action, because he is making a claim of "actual innocence." That notion is rejected for two reasons. First, the actual innocence exception that is discussed in the cases cited by Petitioner, (Dretke v. Haley, 541 U.S. 386 (2004), and Hubbard v. Pinchak, 378 F.3d 333 (3rd Cir. 2004), cert. denied, 125 S.Ct. 910 (2005)), applies to claims that are barred by the judicially-created doctrine of procedural default. The instant petition is not barred by procedural default; it is barred by the fifth and sixth paragraphs of § 2255. Second, even if the actual innocence exception were relevant here, Petitioner could not rely on that exception, because he has made no effort to show that he is, in fact, "actually innocent" in any sense. Petitioner has presented no new evidence that proves he is truly innocent of the crime for which he was convicted or the sentence he received; he has simply claimed that his original criminal case

### III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his original sentencing proceedings in the trial court; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the one-year statute of limitations that applies to such motions, and (4) Petitioner's present inability to seek relief under § 2255 does <u>not</u> cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that the petition should be summarily dismissed for lack of jurisdiction. <u>See</u> <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging criminal court proceedings was properly dismissed for lack of subject matter jurisdiction, where § 2255 motion was not shown to be an inadequate or ineffective remedy).

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No.

---

was <u>procedurally</u> flawed, because the factual determinations that caused his sentence enhancement were not (a) made by the proper fact-finder, (i.e., a jury instead of a judge), and (b) based on the proper standard of proof, (i.e., beyond a reasonable doubt, rather than the preponderance of the evidence). Thus, the Court finds Petitioner's so-called "actual innocence" arguments to be wholly inapposite.

1), be DISMISSED for lack of jurisdiction.

Dated:       April 13, 2005                             s/Jonathan Lebedoff
                                                        _____
                                                        JONATHAN LEBEDOFF
                                                        Chief Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties by May 2, 2005, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party*s brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.